SALT LAKE ENGINEERING WORKS v. UTAH CONCRETE PIPE CO.

No. 2900.   Decided December 5, 1916 (161 Pac. 927).

1. APPEAL AND ERROR—SCOPE—PRESUMPTIONS.   On appeal from a judgment of nonsuit, the record must be considered most favorably to plaintiff.   (Page 57.)

2. ACCOUNT STATED—EVIDENCE—QUESTION FOR JURY.   Evidence held not to warrant nonsuit in action on account stated.   (Page 57.)

3. ACCOUNT STATED—AGREEMENT.   Though one or more items in an account are disputed, yet that does not prevent the account from becoming stated as to all other items admitted or agreed upon to be correct.   (Page 57.)

Appeal from District Court, Third District; *Hon. Geo. G. Armstrong,* Judge.

Action by the Salt Lake Engineering Works against the Utah Concrete Pipe Company.

Judgment of non-suit.  Plaintiff appeals.

REVERSED AND REMANDED for new trial.

*Van Cott & Moreton* for appellant.

*Bagley & Ashton* for respondent.

STRAUP, C. J.

This is an action on an account stated.  It is alleged that on a day certain "an account was stated between plaintiff and defendant, and that upon such statement a balance of $2,459.79 was found due and owing from the defendant to the plaintiff, which account the defendant promised and agreed to pay the plaintiff;" that thereafter the defendant paid the sum of $1,639.75, leaving a balance due and unpaid of $820.04, for which amount, together with interest, judgment was demanded.  The case, at the close of plaintiff's evidence, went off on a nonsuit, based on the defendant's motion of insufficiency of evidence to show that the alleged account was agreed to or acquiesced in, or that the defendant's president and secretary, with whom it was claimed the account was agreed to and acquiesced in, had authority to so bind the defendant.  The plaintiff appeals.

The defendant claims nothing for the latter, and only relies on the former, part of the motion, want of evidence to show that the account was agreed to or acquiesced in.  The defendant bought goods and material from the plaintiff, and had a running account with it.  The plaintiff's bookkeeper testified that on the 19th day of November, 1914, there was a balance due the plaintiff from the defendant of $2,459.79, on which, on the 7th day of January, 1915, there was paid $1,639.75, leaving a balance due and unpaid of $820.04.  He further testified that he—

"had charge of sending out the statements of accounts each month, and made out statements of this account regularly every month, which statements were mailed to the defendant and inclosed in an envelope, postpaid, and deposited by me in the United States mail box.  On a number of occasions

the statements were sent by me to the defendant for the sum of $2,459.79. The account was stated to them. No objection or complaint was ever received by us to these statements. Invoices were also sent of each order as they were delivered to the defendant company, and these invoices also stated the amount in each case. At the end of the month a statement for the entire month, together with the balance carried forward, was sent.''

The plaintiff's superintendent testified that between March and August, or September, 1914, he, on several occasions, demanded payment of the account from defendant's president, who promised from time to time to pay it. One of plaintiff's attorneys testified that he, on ten or more occasions, had a conversation with the defendant's president, or secretary, respecting the account, and as many times demanded payment, and that as many times the president promised to pay it, and that the account at no time was disputed, except on one occasion when the secretary claimed that the account was $29 too large. At the secretary's request an itemized statement was procured from the plaintiff, which then was by the attorney and the defendant's president and secretary checked with the defendant's books, with the result that the claimed $29 was found to be a mere error in addition and computation on the defendant's books. Then, on the 19th of November, 1914, the defendant, through its secretary, wrote the plaintiff:

"In checking our books we find that our books agree with your statement of October 31st, showing a balance due you of $2,266.92. Invoice Nov. 1st $80.62; Invoice Nov. 1st, $112.25. Balance $2,459.79."

But in this connection the secretary further stated:

"$346.00 of the foregoing account is the Atlas Concrete Pipe Manufacturing Company."

The Atlas Concrete Pipe Manufacturing Company was a corporation which had its office with the defendant corporation and was managed and controlled by the same officers. Of course, the $346 item was not chargeable to the defendant. Because of that it is contended that the minds of the parties had not met as to the balance due, and hence had not met as to an account stated. That is, it is claimed that the plaintiff

stated an account due it from the defendant of $2,459.79, but that such account included an item of $346 which the defendant disputed. But the plaintiff's bookkeeper testified that:

"There is nothing in this account of the Utah Concrete Pipe Company (the defendant) that has ever been charged to any other company, and the sum of $2,459.79 does not contain any items or charges made against the Atlas Concrete Pipe Manufacturing Company. I have no such balance here against the defendant company on October 1, 1914, of $2,213.90. On September 1, 1914, the books show the balance due from the defendant company at that date to be $963.57. Charges made subsequent to that date up to November 2, 1914, amount to $2,459.79. Charges made between September 1st and November 1st were $1,496.22. The charge of $346 made against the Atlas Concrete Pipe Company is not included in any of those items constituting that account. I sent that statement out, and that is my pencil memorandum on it in my ´handwriting, 'Atlas Concrete Pipe Mfg. Company, $346.00.' That was a separate account in my hands, and I understood that it was to be kept separate from the Utah Concrete Pipe Company, but that it belonged to them. It was my opinion that it belonged to them. The charges which we have made, aggregating $2,459.79, do not include that charge. In addition to the charge of $2,459.79 there is $346 additional due from the Atlas Concrete Pipe Mfg. Co. That charge appears on our books under 'Atlas Concrete Pipe Mfg. Company.' "

It is further shown that when the accounts from time to time were sent to the defendant, showing a balance due from it to the plaintiff of $2,459.79, the defendant at no time objected thereto, nor claimed that such statements included a charge against the Atlas Concrete Pipe Manufacturing Company. When the defendant paid $1,639.75 on the account the plaintiff wrote it, acknowledging receipt thereof, and stated that it had received—

"the sum of $1,639.75 to apply upon your account of $2,-459.79. You will observe that there is, therefore, a balance due

of $820.04, payment of which sum Mr. Wall insists upon at an early date.''

To this the defendant made no objection, and made no claim that the balance due, after giving credit for the payment, was not correctly stated. We, in considering this matter, of course, have pointed to evidence most favorable to the plaintiff. But so must the record be considered on the defendant's motion for a nonsuit.

Let it, however, be assumed that there is some evidence tending to show that the $346 item due the plaintiff from the Atlas Concrete Pipe Manufacturing Company was included in some of the statements furnished the defendant by the plaintiff. But the most that can be said of it is that the evidence as to that is in conflict, which could not be weighed, reconciled, or determined on a motion for a nonsuit. There certainly was some evidence to support plaintiff's theory that the account, as stated and rendered the defendant, showing a balance due of $2,459.79, was not objected to; that the defendant from time to time promised to pay it, and that in checking it over with plaintiff's attorney the defendant's president and secretary agreed with him that the account was correct and promised to pay it, and that when the defendant made the partial payment of $1,639.75 on the account, it did not then dispute that $820.04 was still due and owing.

But further as to this. Though it may be conceded that the minds of the parties had not met as to a balance due of $2,459.79, still there is good evidence to show that their minds met as to a balance due and unpaid of $2,113.79, the difference between $2,459.79 and $346. When the defendant paid the plaintiff $1,639.75 on the account, there still admittedly was due the plaintiff from the defendant the sum of $474.04. Thus, on that theory, was the nonsuit improperly granted. It, however, is urged that there cannot be an account stated as to certain items if others are questioned and disputed and left open for further adjustment, and that to constitute an account stated all the items thereof must be conceded to be true and agreed upon. There are authorities which lend support to such a proposition. But we believe the weight of authority

to be that, though one or more items in an account are disputed, yet that does not prevent the account from becoming stated as to all other items admitted or agreed upon to be correct. 1 R. C. L. p. 210; 1 C. J. 690; 1 Cyc. 373; *Ingle* v. *Angell*, 111 Minn. 63, 126 N. W. 400, 137 Am. St. Rep. 533, 20 Ann. Cas. 625; *Tuggle* v. *Minor*, 76 Cal. 96, 18 Pac. 131; *Mulford* v. *Caesar*, 53 Mo. App. 263; *Burns* v. *Campbell*, 71 Ala. 271. Of course, where the parties attempted to come to an agreement as to an account stated, but because of disagreements or disputes as to certain items no agreement is reached, there can be no account stated as to any of the items. But that is not this case, viewed most favorably to the plaintiff. So we think there is evidence to show that the minds of the parties, either expressly or by implication, met, if not as to a balance due of $2,459.79 of a stated account, certainly as to a balance due of $2,113.79 of which, later, only $1,639.75 admittedly was paid. We thus are of the opinion that the nonsuit was improperly granted, and that the judgment should be reversed and the case remanded for a new trial. Such is the order, with costs.

FRICK and McCARTY, JJ., concur.