### D. S. DODSON, ADMINISTRATOR, v. F. M. WATSON.

No. 2549. Decided April 21, 1920.

(220 S. W., 771.)

**1.—Account Stated—Mistake—Contract—Estoppel.**

An account stated constitutes *prima facie* evidence of the indebtedness which it acknowledges; but it does not constitute an estoppel nor a written contract, unless it be a settlement in which mutual compromises are made; and therefore its *prima facie* effect may be overcome by proof of mistakes or omissions and the mistake need not, as in the case of a contract, be a mutual one to entitle it to correction. (Pp. 357—359).

**2.—Cases Reviewed.**

Horan v. Long, 11 Texas, 231, and Houston E. & W. T. Ry. Co. v. Snelling, 59 Texas, 116, reviewed and distinguished. Neyland v. Neyland, 19 Texas, 423, followed. (Pp. 357, 358).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Palo Pinto County.

*F. O. McKinsey, J. C. Wilson,* and *R. L. Stennis,* for appellant.— The court erred in refusing plaintiff's requested Charge No. One which is to the effect that before defendant would be permitted to surcharge the instrument dated Oct. 24, 1890, he must show that items omitted therefrom were omitted by the mutual mistake of himself and Pallie Watson. Watson v. Parker, 111 S. W., 772; Horan v. Long, 11 Texas, 230; Robertson v. Smith, 11 Texas, 211; Railway Co. v. Van Alstyne, 56 Texas, 439; Jones v. Flourney, 37 S. W., 236.

*W. H. Gross* and *I. W. Stephens,* for appellee.—The court did not err in refusing special charge No. One requested by appellant. because this charge was not the law applicable to the facts of this case, and if given would have been in direct conflict with the opinion of the Court of Civil Appeals on the last appeal. See Watson v. Dodson, 143 S. W., 329, and also 144 S. W., under head of Writs of Error dismissed. Neyland v. Neyland, 19 Texas, 472; 1 Words and Phrases; "Account Stated:" Lockwood v. Thorn, 18 N. Y., 292.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The certificate of the honorable Court of Civil Appeals reflects that the suit was by the administrator of Mrs. Pallie Watson, deceased, against F. M. Watson, in part upon the following instrument in writing, as an account stated, and for the balance thereby shown to be due by the defendant:

"Aledo, Texas,
October 24, 1890.

This is to certify that I have received for management of Pallie Watson the following amounts of money and to be loaned at the best of my judgment:

| | |
|---|---|
| March 25, 1888, to cash ....................... | $800.00 |
| Aug. 20th, 1888 to cash ........................ | 746.25 |
| April 15, 1889 to cash ........................ | 1478.00 |
| Jan. 1, 1890 to cash ......................... | 2147.44 |
| May 1, 1890 to cash ......................... | 1131.80 |

| | |
|---|---|
| Total amount | $6303.49 |

and have advanced to her the following amounts

| | |
|---|---|
| July 1, 188- Bill of grub at old farm .......... | $ 12.85 |
| July 9, 1889, Cash ............................ | 566.50 |
| July 20, 1890, Cash ........................... | 2939.25 |

| | |
|---|---|
| Total advanced to Pallie Watson | $3518.60 |

This is a correct account except the interest that has accumulated on the money I have.

(Signed) F. M. WATSON."

The defendant pleaded that prior to the date of the instrument he purchased certain lands as the agent of Mrs. Watson at her instance, paying therefor out of her funds in his hands in one transaction $2600, and an additional sum of $28.25 as expenses connected with the purchase, and in the other $800, to 'which amounts he was entitled to be credited; and that through mistake and oversight and because of his lack of skill in such matters these credits were not stated in the instrument of writing. Upon the trial, evidence of the purchase of the lands and payment of such amounts by the defendant was· adduced. It is a disputed issue as to whether the omission of these amounts from the credits shown in the written instrument was due to mutual mistake of the parties. In submitting the case to the jury the trial court did not require it to be found that any mistake causing such omission was mutual, and refused a special instruction requested by the plaintiff that the defendant would not be entitled to the credits unless such mistake in their omission from the written instrument was mutual.

The correctness of this action of the trial court is the question certified.

There have been three appeals of the case, besides the pending one. The trial court followed the ruling on the question made by the honorable Court of Civil Appeals for the Third District on the third appeal, which was that the defendant was entitled to establish the credits without being required to show that they were omitted from the written instrument through mutual mistake. 143 S. W., 329. The Court of Civil Appeals in certifying the question states that it is not inclined to agree with that holding.

There is possibly some confusion in our decisions as to the conclusiveness of an account stated.

In Horan v. Long, 11 Texas, 231, Judge Lipscomb treated a settlement of accounts between partners, reduced to writing, signed under their respective seals, and long acquiesced in, as not subject to be re-opened on account of mistake unless the mistake was mutual.

He dealt with the particular agreement as an ordinary written contract and hence impeachable only upon the ordinary grounds sanctioned by equity. It is not clear from the opinion that he intended to lay down the ruling as applicable to an "account stated" in its legal definition. The decision is based upon the estoppel created by what it terms the "contract."

It is to be noted that if the agreement, there, is to be considered as an account, it was an "account settled" rather than an "account stated."

In Houston, E. & W. T. R. Co. v. Snelling, 59 Texas, 116, there had been a settlement of accounts, which was pleaded by the

defendant, from which the plaintiff claimed various items had been omitted by mistake. The court charged the jury that if these items had, in the settlement, been "forgotten or overlooked by the parties," the settlement, as to them, was not conclusive. Judge Stayton interpreted the charge as informing the jury that if by mutual mistake the particular items were not brought into the settlement, the plaintiff was entitled to have them considered, and added, "This charge is believed to have stated the rule applicable to the case correctly." Judge Hemphill's opinion in Neyland v. Neyland, 19 Texas, 423, was not noted. The charge approved was favorable to the defendant, who was complaining of it. The rule announced in Story's Equity, that "if there has been any mistake, or omission, or accident, or fraud, or undue advantage, by which the account stated is vitiated and the balance is incorrectly fixed, a court of equity will not suffer it to be conclusive between the parties, but will allow it to be opened and re-examined," is quoted in the opinion, and it seems to have been assumed that under such rule a mistake warranting an impeachment of the account must be mutual.

In Neyland v. Neyland, Judge Hemphill discusses at length the nature of an account stated and lays down the rule with respect to its conclusiveness and impeachment as supported generally by the authorities in this country and in England.

After referring to Lord Mansfield's opinion in Trueman v. Hurst, that while formerly an account stated was conclusive, a greater latitude has "of late" prevailed in order to remedy the errors which may have "crept into" the account, he says that such an account "is now regarded as but *presumptive* evidence against the party admitting the balance." He quotes with approval the holding in Perkins v. Hart, 11 Wheaton, 237, 6 L. Ed., 463, that a settled account is but *prima facie* evidence of its correctness; impeachable by proof of either unfairness or mistake; and if confined to particular items, conclusive of nothing in relation to other items not stated in it.

In Perkins v. Hart, there had been an account stated by Perkins for moneys advanced for Hart's account, which account Hart had paid. The suit was by Perkins for commissions claimed to have been due before the account was stated, but not included in it. There was no contention that the items for the commissions were omitted from the account by mutual mistake. It was upon such state of case that the ruling was announced; quoted by Judge Hemphill with approval.

*Prima facie* evidence is merely that which suffices for the proof of a particular fact until contradicted and overcome by other evidence. If, therefore, an account stated is but *prima facie* evidence of the correctness of the balance acknowledged which the law treats as promised to be paid, its office is simply to dispense with the proof of

the particular items entering into the balance, casting upon the adverse party the burden of disproving its correctness. Such, we think, is essentially its true nature.

Mere presumptive evidence cannot create an estoppel. A stated account does not, therefore, amount to an estoppel. It is open to impeachment, just as other presumptions are subject to be overcome by competent proof. It does not of itself amount to an obligatory agreement—a contract upon a new consideration, having all the sanctity of a written agreement. Its purpose is but to reach an agreed balance between the parties whereby the particular items may be eliminated. When that is done, its office is performed and the a character of *prima facie* correctness in the balance is attained.

The case may be brought within the principles of an estoppel, or of an obligatory agreement between the parties, as when upon a settlement mutual compromises are made; but the mere stating of an account in its very nature and purpose precludes giving to the account when stated the character of a binding written contract. In the ordinary affairs of men it is not intended to have that character. In modern business transactions, such, for instance, as between banks and their customers, it would be perilous to state accounts if the statement of the balance is to be held in all cases as creating a contract binding upon both parties and subject to no correction for errors unless they be due to the fault of both.

It is upon such considerations that the established rule now is that an account stated does not create an estoppel, and is but *prima facie* evidence of the correctness of the items and the balance reached. 2 Abbott's Trial Evidence, Third Edition, pp. 1166-9; Lock-Wood v. Thorne, 18 N. W., 285; Hutchinson v. Bank, 48 Barbour (N. Y.), 302; Shipman v. Bank, 126 N. Y., 318; Conville v. Shock, 144 N. Y., 686; Louisville Banking Company v. Asher, 112 Ky., 138; 65 S. W., 133; McKinster v. Hitchcock, 19 Neb., 100; Samson v. Freedman, 102 N. Y., 699; Peeples v. Yates, 88 Miss., 289; Wharton v. Anderson, 28 Minn., 301; Vanderveer v. Statsir, Admr., 39 N. J. L., 593; Hollenbeck v. Ristine, 105 Iowa, 488; Rehill v. McTague, 114 Penn. St., 82; Gutsall v. Cooper, 37 Colo., 212; 6 L. R. A. (N. S.), 820.

In our opinion the trial court did not err in ruling that the defendant was not required to show that the omission from the account of the credits claimed by him was because of a mistake of both parties.