

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. L. Duncan
County Attorney
Nolan County
Sweetwater, Texas

Dear Sir:

Opinion No. O-2712
Re: Eligibility of write-in candi-
date for sheriff in Democratic
primary to have his name printed
as an independent candidate for
sheriff on the ballot for the
general election.

We have your letter of September 4th wherein you request our opinion on whether a man who was a write-in candidate for sheriff in the Democratic primary may have his name printed on the ballot for the general election as a candidate for sheriff as an independent, or non-partisan candidate. Article 3152, Revised Civil Statutes, 1925, prescribing the procedure for independent candidates to have their names printed upon the official ballot for general election provides:

"Independent candidates for office at a county, city or town election may have their names printed upon the official ballot on application to the county judge, if for a county office, or to the mayor, if for a city or town office, such application being in the same form and subject to the same requirements herein prescribed for applications to be made to the Secretary of State in case of State or district independent nomination; provided, that a petition of five per cent of the entire vote cast in such county, city or town at the last general election shall be required for such nomination."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable E. L. Duncan, Page 2

The above quoted statute in providing "such application being in the same form and subject to the same requirements herein prescribed for applications to be made to the Secretary of State in case of State or district independent nomination" incorporates by reference the following clause contained in Article 3159, which reads:

" . . . and provided, also, that no person who has voted at a primary election shall sign an application in favor of anyone for an office for which a nomination was made at such primary election."

In order to meet the requisites prescribed by the foregoing statute, it is necessary that the independent candidate for sheriff present to the county judge a petition signed by a sufficient number of qualified voters of the county to equal five per cent of the entire vote cast in said county at the last general election, and that all of such signatories have not voted in the last Democratic primary election.

Assuming that the candidate has met these requirements, we come now to a consideration of the question of whether he is entitled to have his name printed on the ballot at the general election as an independent candidate, even though he participated as a candidate, and presumably also as a voter, in the Democratic primary at which the Democratic nominee for the office of sheriff was selected.

Article 3110, Revised Civil Statutes, 1925, provides for the party pledge to be printed on ballots on primary election and reads as follows:

"No official ballot for primary election shall have on it any symbol or device or any printed matter, except a uniform primary test, reading as follows: 'I am a _____(inserting name of political party or organization of which the voter is a member) and pledge myself to support the nominee of this primary;' and any ballot which shall not contain such printed test above the names of the candidates thereon, shall be void and shall not be counted."

The Supreme Court of Texas has repeatedly held that the pledge "to support the nominee of this primary," contained on the primary ballot as provided by Article 3110, supra, imposes merely a moral and not a legal obligation on the voter.

Honorable E. L. Duncan, Page 3

See Koy v. Schneider, 110 Tex. 359, 218 S. W. 479, 221 S. W. 880; Westerman v. Mims, 111 Tex. 29, 227 S. W. 178; Love v. Wilcox, 119 Tex. 256, 28 S. W. (2d) 515; Love v. Buckner, 121 Tex. 369, 49 S. W. (2d) 425.

In the case of Westerman v. Mims, supra, the Supreme Court of Texas had before it a question similar to the one here under consideration. In that case the requisite number of qualified voters of Galveston County who had not participated in the Democratic primary, petitioned that the name of Aubrey Fuller be printed as an independent candidate for district judge on the general election ballot. Aubrey Fuller had participated and voted in the Democratic primary of that year, at which the Democratic candidate for district judge was nominated. The suit was an original application to the Supreme Court for a writ of mandamus to compel the Secretary of State to issue his instructions to the County Clerk directing that the name of Fuller be printed in the independent column of the official ballot. The Supreme Court denied the mandamus. The entire court concurred in the result, but Mr. Chief Justice Phillips based his decision on the ground that the statute prescribing the party pledge to support the nominees of that party imposes a legal duty upon him. Said Judge Phillips, at page 48:

"In virtue of the statutes, the duty to perform the agreement became a legal duty; the right of Judge Street (the Democratic nominee for district judge) as a beneficiary of the duty became a legal right; and it would command the law's protection as any other legal right."

The majority of the court, however, as expressed in the opinion by Mr. Justice Greenwood, recognized the rule laid down in Koy v. Schneider, 110 Tex. 359, 218 S. W. 479, that the pledge to support the party candidate imposes merely a moral and not a legal obligation on the voter.

Mr. Justice Greenwood declared at page 38:

"In our opinion, a voter cannot take part in a primary or convention of a party, to name party nominees, without assuming an obligation binding on the voter's honor and conscience. Such obligation inheres in the very nature of his act, entirely re-

gardless of any express pledge, and entirely re-
gardless of the requirements of any statute. The
obligation, like the promise exacted by the statute,
when treated as governing future conduct, is for co-
operation in good faith to secure the success of the
nominee. There is no reasonably certain measure of
bona fide cooperation in matters of this sort. The
voter's conduct must be determined largely by his
own peculiar sense of propriety and of right. It is
for such reasons that the courts do not undertake to
compel performance of the obligation. Being unen-
forceable through the courts, the obligation is a
moral obligation. . . .

"We do not say that circumstances might not arise
under which one who had participated in a primary
would be relieved of the moral obligation which is
ordinarily incurred not to undertake the nominee's
defeat. The present case does not call for the de-
termination of the effect of extraordinary circum-
stances."

Mr. Justice Greenwood's opinion denied the mandamus
on the grounds that the candidate having violated his party
pledge by seeking to become an independent candidate at the
general election did not come into a court of equity with
"clean hands" and therefore his application for mandamus was
denied. We continue to quote from the opinion:

"Having concluded that the petition of rela-
tors is grounded on conduct amounting to an invita-
tion to, and hence participation in an act violative
of good faith and of conscience, it follows that re-
lators did not come into court with clean hands, as
required to entitle them to the relief prayed for,
and hence the mandamus is denied."

Under the opinion of the majority of the court in
Westerman v. Mims, the Democratic nominee has no legally en-
forceable rights in the matter. Nor does the man who seeks
to have his name placed on the ballot as an independent candi-
date. In neither case will a mandamus or an injunction action
lie either to place the candidate's name on the ticket or pre-
vent its being placed thereon.

Under the authority of Westerman v. Mims, therefore,
we are compelled to advise you that whether the name of inde-

pendent candidate for sheriff should be placed on the general election ballot under these circumstances, is a question to be determined by the County Judge. His decision in the matter, in the absence of the exceptional circumstances referred to by Mr. Justice Greenwood in the last above quotation, will not be disturbed by the courts. He may base his decision upon a determination of the question of whether circumstances exist (in the words of Mr. Justice Greenwood) "under which one who had participated in a primary would be relieved of the moral obligation which is ordinarily incurred not to undertake the nominee's defeat."

Replying specifically to your question, we are of the opinion that it rests within the discretion of the county judge whether he will accept the application for the name of an independent candidate for sheriff to be printed on the ballot for the general election, where such candidate participated as a voter or candidate in the preceding Democratic primary election. We wish to point out again that such application, in order to meet the requirements of Articles 3159-3162, must be signed under oath by a sufficient number of qualified voters of the county who did not participate in the primary election to equal five per cent of the votes cast in the county at the last general election.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  Walter R. Koch
Walter R. Koch
Assistant

WRK:BBB

APPROVED SEP 13, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

