**PALMER et al. v. KAMIN et al.**

No. 9956.

Court of Civil Appeals of Texas.
Austin.

March 14, 1951.

Rehearing Denied April 4, 1951.

McClain & Gauntt, W. K. McClain, Georgetown, for appellants.

Billy B. Goldberg, Houston, for appellees.

HUGHES, Justice.

This was a suit upon an agreed or stated account. Lester Kamin and Booke & Fisher, Inc., were the creditors and Fred Palmer and Dwight and Mary L. Phillips were the debtors.

Trial was before a jury which answered the following pertinent special issues as shown below:

"Special Issue No. 1. Do you find from a preponderance of the evidence that on or before September 16, 1949, the plaintiffs had submitted to the defendants itemized statements of all their claims against the defendants growing out of the contract of April 23, 1949, except any claims of the plaintiffs for what is denominated as royalties?

"To which special issue the jury answered, 'We do.'

"Special Issue No. 2. Do you find from a preponderance of the evidence that on September 16, 1949, the defendant, Fred Plamer agreed with the plaintiffs that the defendants owed to the plaintiffs on the plaintiffs' claims (other than the claims for royalties) the sum of $5423.54?

"To which special issue the jury answered, 'We do not.'

"If you have answered Special Issue No. 2, 'We do not,' then you will answer Special Issue No. 3.

"Special Issue No. 3. Do you find from a preponderance of the evidence that on September 16, 1949, the defendant Fred Palmer agreed with the plaintiffs that the defendants owed the plaintiffs on their claims against the defendants (other than the claims for royalties) the sum of $5423.-54, less the following items shown on the audit sheet made up on September 16, 1949, to-wit: Traveling $126.35, Postage $70.00, Telephone $82.00, Traveling $105.00, Telephone & Cable $55.94, totaling $439.29?

"To which special issue the jury answered, 'We do.' "

Upon this verdict judgment was entered in favor of appellees for $4,984.25.

The record on appeal consists of the transcript only, no statement of facts having been filed.

Appellants' two points raise the same question of law. Objection was made to the submission of Special Issue No. 3 and to rendition of a judgment based on the jury's answer to this special issue, on the ground that there was no pleading authorizing the submission of Special Issue No. 3, and there was a fatal variance between the pleading and judgment.

 It is true that the amount of the stated account pleaded by appellees was $5,423.54, and there was no pleading of a stated account less the deductions set out in Special Issue No. 3, nor of the exact amount in which judgment was rendered.

There is a variance in these matters, but not, in our opinion, a fatal variance.

Appellants rely upon Ware v. Poindexter Furniture & Carpet Co., 131 Tex. 568, 117 S.W.2d 420; 1 C.J.S., Account Stated, §§ 1, 63, pp. 693 and 749; and 1 Tex. Jur., p. 372, as authorities.

The Ware case did not involve the same question which is presented here.

The correct rule is stated in 1 Tex. Jur., p. 394, as follows: "However a judgment (upon a stated account) may be supported by the evidence even though the plaintiff does not prove the exact sum alleged to be due or the precise day upon which an accounting is alleged to have been had."

The leading case upon this question is Neyland v. Neyland, 19 Tex. 423.

This case and many others are reviewed in Dodson v. Watson, 110 Tex. 355, 220 S.W. 771, 11 A.L.R. 583, by Chief Justice Phillips. It is there held that a stated account does not constitute a contract upon a new consideration having all the sanctity of a written agreement but only presumptive evidence of the correctness of the items involved and the balance reached, the effect of which is to cast on the adverse party the burden of disproving its correctness.

That a stated account has been disproved in part should not affect the right to recover upon the part which is proved.

The only relief for which appellants pray is that the judgment be reversed and rendered in their behalf. If this were done appellants would be relieved of liability for payment of a just debt. We find no authority compelling such action and we decline to initiate it.

The judgment of the trial court is affirmed.

Affirmed.