455 P.2d 28

**John HELLSTROM, dba Diesel Service Company, Plaintiff and Respondent,**

v.

**D. A. OSGUTHORPE, Defendant and Appellant.**

**No. 11462.**

Supreme Court of Utah.

May 29, 1969.

Reed L. Martineau and John E. Gates, of Worsley, Snow & Christensen, Salt Lake City, for appellant.

Richard L. Bird, Jr., of Richards & Watkins, Salt Lake City, for respondent.

TUCKETT, Justice.

The defendant is here seeking a reversal of a summary judgment entered by the court below in favor of the plaintiff.

During the month of January 1967 the defendant delivered to the plaintiff a truck for the purpose of having repairs made to the engine as well as other portions of the vehicle. After the truck engine had been partially disassembled the plaintiff reported to the defendant that the estimated cost of repairs would be in the neighborhood of between $1800 and $1900. The defendant authorized the plaintiff to proceed with the repairs. Several days later the plaintiff advised the defendant that the cost of repairs would exceed his original estimate by the sum of between $400 and $500. It is the defendant's contention and he testified by way of a deposition that he authorized the repairs upon the assurance by the plaintiff that the cost would not exceed the last estimate.

On or about February 1, 1967, Clarence Osguthorpe, an employee of the defendant, went to the plaintiff's place of business to pick up the truck. At that time Clarence Osguthorpe signed an invoice or repair order which had not been completed but which contained a promise in the following language:

Purchaser agrees to pay attorney fees, legal costs, and all expenses involved in the event legal action is necessary for the collection of this repair order. Maximum legal rate of interest will be charged on all past due accounts.

Your signature hereunder constitutes acceptance of this proposal.

The defendant here claims that his employee, Clarence Osguthorpe, was without authority to obligate him to pay attorney's fees and interest. There is no showing in the record that the employee had such authority.

On October 6, 1967, the defendant paid to the plaintiff the sum of $500 upon the account. The defendant by his answer claims that the repairs made by the plaintiff were not satisfactory and that the vehicle did not perform properly after the repairs had been made.

It is the plaintiff's claim before this court that the rendition of the account by the plaintiff and a partial payment by the defendant amounted to an account stated and that there was no genuine issue of fact before the trial court. With this we cannot agree. It is quite clear that the defendant did not assent to the correctness of the account and the fact that he made a part payment is insufficient to show that there was in fact an account stated.[1]

1. Salt Lake Engineering Works v. Utah Concrete Pipe Co., 49 Utah 53, 161 P. 927.; Givens v. Parker (Okl.1953), 258 P.2d 936; Dobson, Admr. v. Watson, 110 Tex. 355, 220 S.W. 771, 11 A.L.R. 583; 6 Corbin on Contracts, Sec. 1313, p. 272.

We are of the opinion that the record shows that there were issues of fact before the trial court which could only be determined by a trial. It would seem that there was an issue of fact to be determined by the fact finder as to whether or not there was an express contract wherein the parties agreed to a fixed price for repairing the vehicle. There is also an issue of fact as to whether or not the cost of repairs were reasonable. Then too there is an issue of fact as to whether or not the defendant's employee had authority to bind the defendant to pay a reasonable attorney's fee and interest.

We are of the opinion that the case should be remanded to the trial court for trial upon the issues of fact as above specified. It is so ordered. Appellant is entitled to costs.

CROCKETT, C. J., and CALLISTER and ELLETT, JJ., concur.

HENRIOD, Justice (dissenting).

I respectfully dissent. Only point on appeal is that the judgment precluded defendant from presenting evidence on what he urges were disputed facts raised by the pleadings and the discovery process prior to the time plaintiff moved for a summary judgment.

This appeal well might be and should be dismissed, and plaintiff's judgment affirmed, for the simple reason that the point presented here was never raised in the court below. No motion or request was made for an amendment, deletion or any other modification of the judgment, nor was any attack whatsoever leveled against the findings, conclusions or the judgment. The only motion made by defendant before or after the unassailed judgment was entered was one to retax costs,—nothing else,—and everything urged in defendant's brief was raised for the first time on appeal.

However, a response to some of the objections urged by defendant might be apropos in light of the observations and conclusion elicited in the main opinion.

Defendant owned the truck. His brother, Clarence, at defendant's instance, delivered the truck to plaintiff for repairs and picked it up when it was finished, signing a work order and statement showing items of repair. Although the charge for each item was not shown thereon, it subsequently was placed on a duplicate, which defendant was furnished in due course. There had been a preliminary discussion of the estimated costs which everyone conceded was $1800 to $1900. On taking the engine out, plaintiff advised that the estimate would have to be revised upward $400 to $500, to which defendant agreed, making an admitted willingness to pay up to $2400. The ultimate bill rendered was $2784, a figure not far out of line from the estimate. All the above defendant admits. After rendition of the bill, defendant, without complaint, paid $500 to plaintiff, who later on asked

for the balance, but received neither any additional money nor any complaint from defendant until after suit was filed a *year later,* when defendant said for the first time that no payment was made because the truck was not running right. All of this was without controversion.

One of the complaints of defendant was that the trial court granted the defendant's motion "without even considering the court file or the depositions." Such statement apparently was based on counsel for the defendant's gratuity that Clarence Osguthorpe's deposition, mentioned by the court along with others, at the time of the judgment, "had not been filed in the court and is not even a part of the record on appeal." This somewhat irrational claim of judicial indolence perhaps was the result of amnestic, loose talk, since defendant's counsel himself, as the record, without contradiction, clearly shows, eliminated Clarence's dialogue which was unavailable, and substituted it with Clarence's monologue,—his affidavit, no less, the prologue of which said that "Clarence Osguthorpe *deposes, under oath, and says*": etc.

Defendant claims that there was a genuine issue of fact as to whether there was a meeting of the minds and for how much. It is undisputed that defendant agreed to pay for the repairs, and gave a green light for $2400. From the uncontroverted facts and admissions it appears that there was a meeting of the minds for *that specific* amount, and reasonably within the "more or less" ambit of an estimate. For that amount there was no question as to the propriety of a summary judgment. It could be argued, with little reason or logic, in my opinion, that there *might* be a question of fact with respect to $384, but there was no urgence even as to that amount in the trial court.

Defendant asserts also that there was a genuine issue of fact with respect to the amount of attorney's fees. If this *were* the case, defendant certainly did not press such contention before the trial court, nor did he urge anything with respect to liability under the written, itemized statement of charges, nor of the question of his brother Clarence's agency, nor anything else. Defendant simply did nothing other than to accept the judgment as entered and then for the first time on appeal raised but one point and some arguments to support it, which appears to be a departure from usual appellate principles and practice.