Joseph J. C. PAINE, Appellant,

v.

Thomas P. MOORE, Appellee.

No. 535.

Court of Civil Appeals of Texas, Tyler.

Feb. 11, 1971.

Rehearing Denied March 11, 1971.

**478**

Glass & Glass, John D. Glass, Jr., Tyler, for appellant.

Spruiell, Lowry, Potter, Lasater & Guinn, Thomas L. Lowry, Tyler, for appellee.

McKAY, Justice.

This is a suit brought by appellant Joseph J. C. Paine against appellee Thomas P. Moore to recover $2,500.00 allegedly due under a letter agreement whereby Moore was to pay that amount to Paine for a one-eighth working interest in an oil well and for oil and gas leases in Nebraska. Paine's claim was based first upon the original contract and, in the alternative, upon a theory that a second letter constituted an account stated, or a new contract.

The original letter agreement, dated September 1, 1965, was signed by Moore, accepted by Paine, and reads in part as follows:

> "In accordance with our telephone conversation this letter will confirm our agreement concerning the proposed well to be drilled in Kimble County, Nebraska out of the Northwest Quarter of the Northeast Quarter, Section 32, Range 53 West, Township 16 North.

> "It is my understanding that you are going to drill or cause this well to be drilled to a depth sufficient to test the 'J' sand and that you will assign to me, upon my request, a undivided ⅛ interest in said well and the leases covering approximately 400 acres for a total consideration of $2,500.00. This quoted price carries me to the point of casing on said well with no *futher* obligation on my part in the event of a dry hole. Should this well be a dry hole, please invoice me for $2,500.00 and said invoice will be paid on or before thirty (30) days thereof."

The second letter from Moore to Paine, dated January 5, 1966, begins:

> "In regard to the dry hole in Kimble County, Nebraska * * *" It also includes the following statement, "As soon as possible I will abide by our letter of agreement and pay this debt."

Moore, the defendant below, affirmatively plead the Texas Statute of Frauds, Article 3995, V.A.T.S., and a general denial.

It is agreed by the parties (and found by the trial court) that the well was drilled to

the depth indicated and that it was a dry hole; further, no leases were actually delivered to Moore.

The case was tried before the trial court without the intervention of a jury. The trial court found by conclusions of law that the letter of September 1, 1965 provided for the sale of oil and gas leases and was unenforceable under Sec. 4 of the Texas Statute of Frauds, Art. 3995, V.A.T.S., as it did not in itself contain a sufficient description of the lands and the leases sought to be conveyed. It further found that the letter of January 5, 1966, did not constitute or create an account stated. A take nothing judgment was entered against appellant.

Appellant has brought forward numerous points of error. We shall endeavor to consider them in three categories: first, the severability of the contract; second, the application of the Statute of Frauds; and third, the action of account stated.

▇ Under the first category of points, appellant in substance argues that this is a suit only upon a contract for the service of drilling a test well. He states in his brief, "By the very terms of the letter of agreement (of September 1) * * * at the moment that the well became a dry hole, any portion of the original agreement concerning any conveyance of an interest in leases disappeared and was completely extinguished." But the terms of the agreement, and the testimony of appellant himself, are otherwise. The letter very clearly states that Moore was to receive, for a total consideration of $2,500.00, a one-eighth working interest in the well to be drilled to a specific depth, and leases covering approximately 400 acres. The only consequence of a dry hole was that Moore would owe no additional money. There is but one indivisible transaction, and the contract as written cannot be severed into two contracts.

▇ This brings us to the application of the Statute of Frauds. It is our opinion that the defendant sufficiently plead the statute, and the trial court correctly applied the Texas Statute of Frauds. The letter agreement of September 1 called for a conveyance of oil and gas leases covering some 400 acres in Nebraska, but no exact description of the land was included, nor was there included the essential elements of description of the leases, such as the term, time and amount of delay rentals, royalties, etc. Moreover, there was nothing referred to in the letter from which such essential descriptive elements could be ascertained. The Statute of Frauds, Article 3995, Sec. 4, V.A.T.S., since raised by pleading, is applicable. See Taber v. Pettus Oil & Refining Company, 139 Tex. 395, 162 S.W.2d 959 (1942), and cases therein cited.

▇ Our statute of frauds has long been held not to render a contract invalid or illegal but rather only establishes a rule of evidence. Hutchings v. Slemons, 141 Tex. 448, 174 S.W.2d 487 (1943). Appellant recognizes this rule, but argues that appellee must plead and prove the Nebraska Statute of Frauds. He fails to realize that matters of evidence are procedural in nature and, in situations involving conflicts of laws, the law of the forum in procedural matters applies. See Sec. 14, 12 T.J.2d, p. 313. The Texas Statute having been plead, it then became the duty of the appellant to prove that the Nebraska law differs from the Texas law. Without such proof, it must be presumed that the Nebraska law is the same as the law of Texas. Harris v. Harris, 403 S.W.2d 445 (Tex.Civ.App., Houston, 1966, ref., n. r.e.); Ogletree v. Crates, 363 S.W.2d 431 (Tex., 1963). Under the facts of the case at bar, the Texas Statute of Frauds was properly applied. Appellant is not aided in his contention by First National Bank of Dallas v. Zimmerman, 442 S.W.2d 674 (Tex., 1969) cited in his brief.

Appellant's assertion that the second letter forms the basis of an account stated must likewise be overruled. The trial court was correct in finding that the second letter did not contain sufficient reference in itself to incorporate the original letter of September 1. It does not mention any date, specific amount of the debt, or a detailed description sufficient to point solely to the original letter. An account stated requires an absolute acknowledgment or admission of a sum certain by the debtor to the creditor. Dodson v. Watson, 110 Tex. 355, 220 S.W. 771 (1920); Glasco v. Frazer, 225 S.W.2d 633 (Tex.Civ.App., Dallas, 1949, writ dism.). At best, the letter of January 5 is a promise to "pay this debt," and is not sufficient to be an account stated. Hines v. Thomas, 164 S.W. 2d 59 (Tex.Civ.App., Dallas, 1942, n. w. h.).

All of appellant's points have been duly considered, and all are overruled.

The judgment is accordingly affirmed.