**Opinion issued October 4, 2012.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-12-00371-CV**

———————————

**IN RE C.E.**

———————————

**On Appeal from the 25th Judicial District Court**
**Colorado County, Texas**
**Trial Court Case No. 20222**

———————————

**O P I N I O N**

Christopher Ehrhardt sued to terminate a parent-child relationship with C.E. under Texas Family Code section 161.005(c). That section permits a man who was not married to the mother of the child to terminate the parent-child relationship, provided he meets the statutory criteria for seeking genetic testing, and the test

results foreclose paternity. *See* TEX. FAM. CODE ANN. § 161.005(c) (West Supp. 2011). The trial court found that Ehrhardt failed to establish a prima facie case under the statute, denied his request for genetic testing, and dismissed his suit. On appeal, Ehrhardt contends that he presented a prima facie case, and the trial court therefore erred in refusing to order genetic testing. We conclude that a verified petition alleging that a misrepresentation caused Ehrhardt to believe that he was C.E.'s biological father, coupled with circumstantial evidence that a misrepresentation was made, constitutes a prima facie case for genetic testing under section 161.005(c). Accordingly, we reverse the judgment of the trial court and remand for further proceedings.

## Background

The child who is the subject of this suit, C.E., was born to Stephanie Garcia in 1995, and was sixteen years old at the time of the hearing. At the time C.E. was born, Garcia was dating Ehrhardt. Shortly after C.E.'s birth, Ehrhardt signed a birth certificate acknowledging C.E. as his biological child.

In 2001, after the Office of the Attorney General petitioned to establish the parent-child relationship and set child support, Ehrhardt signed an agreed child support review order. The trial court adjudicated Ehrhardt the father of C.E. and entered an agreed CSRO setting current child support in the amount of $206.00 per month.

In June 2011, the OAG filed a petition to modify the CSRO, seeking an order increasing Ehrhardt's monthly support obligation. The following month, Ehrhardt petitioned to terminate the parent-child relationship under Texas Family Code section 161.005(c). Section 161.005(c) permits a man to terminate the parent-child relationship if paternity previously was established without the benefit of genetic testing and a misrepresentation caused the man to believe that he fathered the child. *See* TEX. FAM. CODE ANN. § 161.005(c). Ehrhardt's verified petition alleged he previously had been adjudicated the father of C.E., but that his paternity was never confirmed with genetic testing. He further alleges that he discovered that Garcia had a relationship with another man the month before Garcia revealed she was pregnant. He averred that he mistakenly believed that he was C.E.'s biological father "based on misrepresentations that led him to that conclusion."

The trial court held a pre-trial hearing to determine whether Ehrhardt had established a prima facie case for termination under subsection (c). *See* TEX. FAM. CODE ANN. § 161.005(f). At the hearing, the trial court asked the parties whether they opposed genetic testing. The assistant attorney general representing the OAG, as intervenor in the suit, responded that both the OAG and Garcia had filed general denials and that the OAG "would like to see [Ehrhardt] make the prima facie proof on the record."

3

Ehrhardt testified, "[W]hen [C.E.] was born, there was a comparison of the—to me in her features. I believed a lot of it." But Ehrhardt began to question his paternity several years ago, when he heard C.E. mention to Ehrhardt's wife that Ehrhardt might not be her father. Ehrhardt also testified that he did not believe C.E. was his daughter because Garcia had "engaged in other relations" with another man the month before she informed Ehrhardt that she was pregnant. Ehrhardt had discovered some pictures of Garcia laying in bed with another man. Ehrhardt testified that this man was of a different ethnicity than him and that, as C.E. had grown, he noticed "a lot of differences" in "facial features and stuff like that." Ehrhardt never discussed the matter at C.E.'s birth and conceded that Garcia had never expressly told him that he was C.E.'s father.

Garcia did not testify. When asked by the trial court whether she would like to testify at the hearing, Garcia replied "I know he is the father . . . . And I mean, if—whatever needs to be done, . . . I'm willing to do whatever . . . whatever it takes to get this settled."

The trial court issued an order denying genetic testing, finding that testing was not warranted because Ehrhardt had failed to make a prima facie showing under section 161.005(c).

4

**Discussion**

Ehrhardt contends that he produced sufficient evidence to set forth a prima facie case for termination under section 161.005(c). The OAG replies that Ehrhardt failed to identify any misrepresentation causing him to believe that he fathered C.E. and, in particular, a misrepresentation contemporaneous with the 2001 agreed CSRO—the proceeding in which Ehrhardt consented to paternity.

*Applicable Law*

Texas Family Code section 161.005(c) permits a father to sue to terminate his parental rights under certain circumstances.[1] TEX. FAM. CODE ANN. § 161.005(c). With exceptions inapplicable here, section 161.005(c) provides:

> [A] man may file a suit for termination of the parent-child relationship between the man and a child if, without obtaining genetic testing, the man signed an acknowledgment of paternity of the child . . . or was adjudicated to be the father of the child in a previous proceeding under this title in which genetic testing did not occur. The petition must be verified and must allege facts showing that the petitioner:
>
> (1) is not the child's genetic father; and
>
> (2) signed the acknowledgment of paternity or failed to contest parentage in the previous proceeding because of the mistaken belief, at the time the acknowledgment was signed or on the

---

[1] Section 161.005 was amended in May 2011 to include the provisions set forth in subsection (c). TEX. FAM. CODE ANN. § 161.005(c). The May 2011 amendments impose time limits on suits filed under subsection (c). *Id.* § 161.005(e), (e-1). Relevant to this appeal, a petition may be filed under subsection (c) regardless of the date on which the petitioner became aware of the facts alleged in the petition, provided the petition is filed after May 12, 2011 but before September 1, 2012. *Id.* § 161.005(e-1).

> date the court order in the previous proceeding was rendered, that he was the child's genetic father based on misrepresentations that led him to that conclusion.

*Id.* Section 161.005 requires that a man consent to paternity based on a mistaken belief—at the time he acknowledged paternity—the he fathered the child. And a man must believe that he is the father based on a misrepresentation.

Subsection (f) requires a trial court to hold a pre-trial hearing to determine whether the father has established a "meritorious prima facie case for termination of the parent-child relationship." *Id.* § 161.005(f). If the trial court finds that the man has established a prima facie case for termination, the trial court shall order the petitioner and child to submit to genetic testing. *Id.* Because a determination of whether a party has presented prima facie proof of a meritorious claim is a question of law, we review the trial court's decision of this issue de novo. *See Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979); *Nichols v. Jack Eckerd Corp.*, 908 S.W.2d 5, 7-8 (Tex. App.—Houston [1st Dist.] 1995, no writ) (whether bill-of-review claimant presented meritorious defense was a question of law subject to de novo review).

*Analysis*

The Texas Supreme Court has observed that prima facie evidence is "merely that which suffices for the proof of a particular fact until contradicted and overcome by other evidence." *Dodson v. Watson*, 110 S.W. 771, 772 (Tex. 1920). The prima facie standard requires only the minimum quantum of evidence necessary to support a rational inference that the alleged fact is true. *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (addressing prima facie showing of attorney-client privilege in discovery dispute). Thus, to make a prima facie case for genetic testing, Ehrhardt had to present evidence sufficient to support an inference that a misrepresentation caused him to believe that he was C.E.'s biological father. *See* TEX. FAM. CODE ANN. § 161.005(c), (f).

Ehrhardt's petition tracks the statutory language, alleging that he did not previously contest paternity because he believed that he was C.E.'s father based on misrepresentations that led him to that conclusion. His petition is accompanied by a sworn statement that the facts alleged therein are true; the OAG did not respond to Ehrhardt's petition with a verified denial.

Although Ehrhardt's verified petition does not point to any particular misrepresentation, circumstantial evidence adduced at the pretrial hearing supports the allegations in his petition. At the pre-trial hearing, Ehrhardt's counsel asked him to list two reasons why he felt misled to believe that C.E. was his biological

7

child. In reply, Ehrhardt testified, "[W]hen she was born, there was a comparison of the—to me in her features. I believed a lot of it." But as C.E. grew, C.E. and Ehrhardt no longer resembled one another. In addition to testimony regarding C.E.'s appearance, Ehrhardt raised doubts about C.E.'s parentage based on Garcia's relationship with another man. In 1995, Ehrhardt discovered photos of Garcia and another man. Garcia admitted to having a sexual relationship with the man. The following month, Garcia announced that she was pregnant with C.E. and sought child support from Ehrhardt as the child's father. C.E. later mentioned that Ehrhardt might not be her father. The hearing adduced circumstantial evidence that Garcia may have misrepresented Ehrhardt's paternity in naming him the father in the birth certificate and the child support proceeding because another possible father exists, and that Ehrhardt acknowledged paternity based on these representations, without undergoing paternity testing.

The statute asks for a prima facia showing of a misrepresentation causing Ehrhardt to believe that he fathered the child. We conclude that a verified petition alleging that a misrepresentation caused Ehrhardt to believe that he was C.E.'s biological father coupled with circumstantial evidence that a misrepresentation as to paternity was made constitutes a prima facie case for genetic testing under Texas Family Code section 161.005(c).

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.