**SIMONDS et al. v. STANOLIND OIL & GAS CO. et al.**

No. 7308; Motions Nos. 13766, 13779.

Commission of Appeals of Texas, Section B.

Feb. 7, 1940.

For former opinions, see 103 S.W.2d 784, 114 S.W.2d 226.

B. T. Fitzhugh, of Tyler, Raymond P. Elledge and Vernon Elledge, both of Houston, Ralph B. Shank, of Dallas, and Greenwood, Moody & Robertson and Dan Moody, all of Austin, for plaintiffs in error.

Coke & Coke, Turner, Rodgers & Winn, M. S. Church, Prentice Wilson, Carl W. Wade, and Evan S. McCord, all of Dallas, and Clay Tallman and L. A. Thompson, Jr., both of Tulsa, Okl., for defendants in error.

SMEDLEY, Commissioner.

The Court permitted plaintiffs in error to file a second motion for rehearing and, because of such action, granted like permission to defendants in error.

Plaintiffs in error in their said motion complain of only that part of the decision by which it was held that the evidence as a whole conclusively proves that Percy McGeorge in the years 1922 and 1923 was a nonresident of Texas. They contend that there is in the record evidence which "proves prima facie" that McGeorge was during those years a resident of Texas and that therefore an issue of fact was made. The evidence relied upon consists of several deeds to Percy McGeorge in which he is described as "of Dallas, Texas" or "of the County of Dallas, State of Texas", together with the fact that McGeorge during those years owned a furnished residence in the City of Dallas.

The record contains also the following undisputed evidence: Percy McGeorge and his father, William McGeorge, Jr., residents of Pennsylvania, were engaged with another brother in the farm loan business under the firm name William McGeorge, Jr. & Sons, with their principal office in

Philadelphia. They established an office in Dallas, the exact time not being shown. In connection with that business Percy McGeorge made short visits to Texas until 1906 and from 1906 to 1921 he usually spent several months in Texas each year. McGeorge purchased a house in Dallas and used it as a place of residence while he was staying there. He continued to own the house to the time of the trial. About the first of June, 1921, Percy McGeorge left Texas, going back to Pennsylvania, and thereafter remained out of Texas, except for occasional visits to Texas thereafter made. He was in Texas once for a few days in 1926. George K. Merriweather, who was McGeorge's assistant in the Dallas office when McGeorge returned to Pennsylvania in 1921, remained in Dallas in charge of the office until 1928, when the office was closed. A short time after McGeorge returned to Pennsylvania in 1921 Merriweather moved into the house in Dallas owned by McGeorge.

McGeorge testified that he did not sell the house in Dallas and did not move the furniture when he left Texas in 1921 because he expected to return in the latter part of that year or in the next year to superintend the making of further loans. His father died August 14, 1922, and he and his brother continued in business under the same firm name for sometime thereafter.

McGeorge testified that when he left Texas in 1921 he intended to return whenever it was necessary to do so to look after the making of additional loans, but that he never intended to return to Texas to live there. He testified further that he never regarded the house in Dallas as a residence, but merely as a place where he or Mrs. McGeorge could stay during visits to Texas, that since January 1, 1922, he had at all times actually lived and maintained his residence in the State of Pennsylvania and that he had always maintained his residence in the State of Pennsylvania and had regarded himself when in Texas as a visitor for the purpose of looking after the loan business. Merriweather testified that McGeorge left Dallas about the first of June, 1921 and did not return until the summer of 1926, when he came to Dallas and stayed three or four days and that from that time until September, 1928, McGeorge never again returned to Dallas. The record does not show that McGeorge was in any way engaged in business in

Texas after 1928, when the Texas office was closed, but it appears that he continued to reside in Pennsylvania. He resided there when his deposition was taken in this case in 1934 or the early part of 1935.

In our opinion it conclusively appears from the evidence above set out that McGeorge was not a resident of Dallas or of Texas after he left Dallas and returned to Pennsylvania in June, 1921. It is true that most of the foregoing evidence is taken from the testimony of McGeorge, which was given by deposition taken by plaintiffs in error. McGeorge, named as one of the defendants in this case, filed a disclaimer setting out the fact that he had theretofore conveyed the land to Mabel Shoemaker. At the time the suit was filed and at the time when McGeorge's deposition was taken, he had by deed to Mabel Shoemaker and by oil lease to Cranfill and Germany divested himself of whatever title he had in the land in controversy. Plaintiffs in error contend that, notwithstanding McGeorge's disclaimer, he is an interested witness because his disclaimer is not an unqualified confession of plaintiffs in error's cause of action, which is a suit for rents and damages as well as for title. We think, however, that even if McGeorge is to be classed as an interested witness, conclusive effect should be given to his testimony, because it is clear, positive and unequivocal on the point in issue, because plaintiffs in error had opportunity to contradict or discredit his testimony, it having been taken by them by deposition in advance of the trial, because the testimony is wholly uncontradicted except by the slightest of evidence, the statements in the deeds that McGeorge is of Dallas or of Dallas County, and because the testimony is corroborated by the testimony of Merriweather, a disinterested witness, on the most important fact, McGeorge's departure from Texas and return to Pennsylvania in June 1921, and his continued absence thereafter from Texas save for one visit of a few days in 1926. Great Southern Life Insurance Company v. Dorough, Tex.Civ. App., 100 S.W.2d 772, 775, 776; Trinity Gravel Co. v. Cranke, Tex.Com.App., 282 S.W. 798, 801; American Surety Co. v. Whitehead, Tex.Com.App., 45 S.W.2d 958, 961; Felts v. Bell County, 103 Tex. 616, 132 S.W. 123; Golden v. First State Bank of Bomarton, Tex.Civ.App., 38 S.W.2d 628, 629; City of San Antonio v. E. H. Rollins

& Sons, Tex.Civ.App., 127 S.W. 1166, 1173, 1174. The testimony of Percy McGeorge with respect to his residence in Pennsylvania, his absence from Texas and the maintenance of the principal office of the partnership in Philadelphia is further corroborated by correspondence that passed between Merriweather and the Philadelphia office, a part of which correspondence was between Merriweather in Dallas and Percy McGeorge in Philadelphia.

 We do not believe that the words "of Dallas" and "of Dallas County" appearing in the deeds to Percy McGeorge rise to the dignity of recitals of fact as to the place of his residence. They are merely descriptive phrases added to the name of the grantee as a further means of identification. It is true that Article 1292 sets out a form of deed, providing that the form, or the same in substance, shall be sufficient as a conveyance of the fee simple of real estate, and that the form describes the grantee as of a town or county and state. Of course such added matter of description is not essential to the validity of the deed and an error in it does not defeat the conveyance. Ballard v. Carmichael, 83 Tex. 355, 368, 18 S.W. 734.

 McGeorge's acceptance of deeds describing him as of Dallas or of Dallas County would not be an admission by him that he was in fact a resident of Dallas or Dallas County when the deeds were accepted. He had theretofore during several months of each year been personally present in Dallas engaged in business. It was natural that persons executing instruments to him affecting Texas land should refer to him as of Dallas or Dallas County. If he had believed that the words were intended to describe him as a resident of Texas he would have known that the error would not affect the validity of the deeds and that it was not of sufficient importance to require correction.

Plaintiffs in error cite Peurifoy v. Wiebusch, 132 Tex. 36, 117 S.W.2d 773, in which it was held that the positive recital, in a release of lien executed by the owner of two notes secured by the lien, that the notes had been paid raised an issue of fact as to payment of the notes. Such positive recital of fact, peculiarly within the knowledge of the owner of the notes and of primary importance to him, contained in a formal release of lien executed by him because, according to its terms, the notes had been paid to him, and to evidence their payment, is clearly much more convincing evidence and of much greater probative value than are the descriptive phrases "of Dallas" or "of Dallas County" contained in the deeds executed by other persons to McGeorge.

We are thoroughly convinced, after again reviewing the evidence and carefully considering the arguments made and authorities cited by plaintiffs in error, that the evidence as a whole conclusively proves that Percy McGeorge in the years 1922 and 1923 was a nonresident of Texas. We do not believe that any impartial, reasonable mind, after examination of all of the evidence, including that relied upon by plaintiffs in error, could reach any other conclusion.

██ It may be conceded, as contended by plaintiffs in error, that the deeds describing McGeorge as a resident of Dallas or Dallas County and the evidence that McGeorge continued to own a furnished house in Dallas, in the absence of other evidence, would have proven prima facie that McGeorge resided in Texas. Stated in another way, a presumption of fact might have arisen from the evidence relied upon by plaintiffs in error. But prima facie evidence and presumptions of fact disappear when the true facts are conclusively shown by other evidence. "Prima facie evidence is merely that which suffices for the proof of a particular fact until contradicted and overcome by other evidence." Dodson v. Watson, 110 Tex. 355, 358, 220 S.W. 771, 772, 11 A.L.R. 583. Evidence which, uncontradicted and unexplained, would be prima facie evidence of a fact becomes insufficient to raise an issue of fact when the other facts in evidence conclusively prove that the fact sought to be shown by the prima facie evidence or presumption of fact does not exist. Geffert v. Yorktown Independent School District, Tex.Com.App., 290 S.W. 1083, 1085; American Surety Company of New York v. Cross, Tex.Civ.App., 80 S.W.2d 470, 473; Moore v. Wooten, Tex.Com.App., 280 S.W. 742, 747; Martinez v. Gutierrez, Tex.Com. App., 66 S.W.2d 678, 684; Largen v. State, 76 Texas 323, 328, 13 S.W. 161; McCutchen v. Purinton, 84 Tex. 603, 604, 19 S.W. 710; Langford v. El Paso Banking Company, Tex.Civ.App., 1 S.W.2d 476, 479; Crabb v. Zanes Freight Agency, Tex. Civ.App., 123 S.W.2d 752, 755.

The cause having been remanded for trial to the district court, plaintiffs in error, of course; will have the opportunity to introduce other evidence bearing upon the question discussed herein which might warrant a different conclusion from that expressed in this opinion.

The second motion for rehearing filed by defendants in error has been carefully considered. Both of the said second motions for rehearing are overruled.

Opinion adopted by the Supreme Court.