# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00244-CV

---

**Xiao Yu Wang, d/b/a Breeze Cooling & Heating, Appellant**

**v.**

**Haidong (Harry) Guo, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 5 OF WILLIAMSON COUNTY
NO. 22-2001-CC5, THE HONORABLE WILL WARD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In this defamation case, appellant Xiao Yu Wang, d/b/a Breeze Cooling & Heating, sued appellee Haidong (Harry) Guo, alleging common-law libel and statutory libel and libel per se, *see* Tex. Civ. Prac. & Rem. Code § 73.001.[1]  Wang's claims stem from comments that Guo posted in connection with a Yelp review of Wang's business and his service of Guo's air conditioner.[2] Guo moved to dismiss Wang's claims under the Texas Citizens Participation Act (TCPA).  *See generally id.* §§ 27.001-.011.  Wang challenges the trial court's order granting Guo's TCPA motion to dismiss.  We reverse in part and remand because we conclude that Wang established a prima

---

[1] "Libel" is also termed "written defamation."  *See Libel*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("A defamatory statement published without just cause or sound justification and expressed in a fixed medium, esp. writing but also possibly a picture, sign, or electronic broadcast. . . .  Also termed (in senses 1 & 2) *written defamation*.").  We refer to Wang's claims as defamation claims.

[2] Yelp provides an online platform for users to find, connect with, and review local businesses.

facie case on the essential elements of his defamation per se claim, and Guo failed to carry his burden to conclusively rebut that prima facie case.

**BACKGROUND**

Wang installs, maintains, and repairs HVAC systems. On October 26, 2021, Guo contacted Wang on his "Breeze Cooling and Heating" Yelp page to repair an air-conditioning unit at a rental property owned by Guo. Guo also asked him to repair a stove and toilet at the property. The next day, Wang sent Guo an estimate of the cost to repair each problem: $400 for the air-conditioner blower-motor module; $320 for two oven-range coils; and $65 for the toilet, for a total of $785. Wang told Guo that he required a $120 nonrefundable down payment before ordering the parts, and that he would charge Guo only the $120 as a diagnostic fee if he decided he did not want Wang to do the repair work. Guo paid the $120 down payment. On November 5, Wang asked Guo to pay the balance of $665 for the work he had done.

On November 8, Guo paid $265 to Wang for his completed work on the stove and toilet. (That work is not at issue in this case.) However, the air-conditioning unit was still not working properly, so Guo asked Wang to repair it again. Wang determined that the air-conditioner needed a new blower motor and gave Guo a price, including parts, labor, and tax, of $580.

Wang alleges that he ordered a new air-conditioning motor on November 9 that cost $249. Wang advised Guo that there was a one-year warranty on the part. On that same day, Guo paid Wang a $100 deposit for the job. After Wang completed the repair, Guo paid him the outstanding $480 balance on November 15.

Almost a year later, on October 25, 2022, Guo posted the following one-star review on the Breeze Cooling and Heating Yelp page:

2

He fixed my AC inside unit motor fan.

[C]harged me 580 [dollars]. And gave me 1 year warranty. [B]ut the motor stop working recently. [I] can not find this guy. [I] have to ask someone else to fix the AC again. And finally figure out he put an old motor fan ON my AC. DO NOT ORDER this service. [W]aste your money[.]

Guo contends that he had contacted Wang on WeChat, a Chinese instant-messaging app that he and Wang had previously used for some of their communications, on October 22, before posting the review and that Wang had blocked him.[3]

Guo further asserts that he hired a different repair person to fix the air conditioner on October 24. He contends that the repair person told him that the air-conditioner motor installed by Wang "was rusted and appeared not to have been new when [Wang] installed it." The parties subsequently communicated with each other through direct messaging on Yelp. Wang disputed Guo's assertion that he put an old or used module or motor on the air conditioner, but Wang offered to refund the cost of the part to Guo because it was still under warranty and asked him "to delete the false negative review." Guo countered that he wanted a refund of $500 because he paid that amount to the other repair person to replace the motor again.

A few days later, Guo posted the following review on Yelp:

LIAR. [T]he module is on the motor. [Y]ou replaced motor in 2021 Nov., the whole thing. [C]heck our conversation picture.

I asked AC guy to fix my AC problem recently. [H]e replaced the motor. [O]nly [a]fter that moment, [I] knew the motor was broken again. [I]f [I] know it is the

---

[3] Although some of the parties' communications in Chinese were included in the record and appellate briefing, no translation accompanied by a qualified translator's affidavit was provided. *See* Tex. R. Evid. 1009 (governing admissibility of translations of foreign-language documents). The Court does not rely on any of the parties' descriptions of those communications in its recitation of the factual background or analysis.

motor problem, [I] definite[l]y contact you to fix it. [A]nd you charged me 580 [dollars] not 400 [dollars]. [H]ere is my payment picture.

In early November, Guo posted the following updated review on Yelp:

[Y]ou only responded me after [I] left the review for you. [I]f you put a brand new motor, why there are [sic] so much rust? [W]hy it only last for 10 months then stop working. [A]nother AC GUY who fixed my AC said, it is hard to believe it is a motor used 1 year. [Y]ou give me the warranty, but [I] can not find you when AC is broken. [I] have to ask someone else to fix it. [S]o be fair, you need pay for the cost for fixing my AC, which is 500 [dollars].

Guo also attached a photograph of the motor and screenshots of his Zelle payments to Wang and of a part of the parties' Yelp direct-message conversations.[4] Wang offered to refund Guo the $249 cost of the part shown on the order, but Guo insisted he had charged him $300 for the part.

On November 9, 2022, Wang's counsel sent Guo a cease-and-desist and retraction notice, informing Guo of the statements in the Yelp reviews that Wang contends are materially false statements of fact and actionable as libel. *See id.* § 73.055 (requiring person to make "timely and sufficient request for a correction, clarification, or retraction from the defendant" to maintain action for defamation). The letter demanded that Guo retract the allegedly false statements of fact within fourteen days and informed him that Wang would file suit if the Yelp posts that Wang believed constituted actionable libel were not removed.

Wang filed suit on December 23, 2022, asserting libel claims and seeking actual damages for economic loss, due to harm to his business reputation, and mental anguish, due to harm to his personal reputation and livelihood; exemplary damages; injunctive relief; and

---

[4] Zelle is an online payment app that allows people to send and receive money directly between bank accounts.

reasonable and necessary attorneys' fees. Guo answered and filed a TCPA motion to dismiss. Guo attached to his TCPA motion screenshots of his Zelle payments to Wang and some of the parties' communications by text, WeChat, and Yelp direct messaging. Wang filed a TCPA response and attached the November 9, 2022 letter demanding retraction, which included as exhibits some of the parties' communications by text and on Yelp and the November 9, 2021 order invoice for a $249.99 blower motor with the same serial numbers as the motor in the photograph that Guo posted on Yelp.

After a hearing, the trial court granted Guo's TCPA motion and dismissed Wang's defamation claims. The trial court awarded Guo $5,000 in attorneys' fees and costs and an additional $5,000 in sanctions. This appeal followed.

**ANALYSIS**

In four issues, Wang challenges the trial court's judgment granting Guo's TCPA motion to dismiss. Construing Wang's briefing liberally, as we are required to do to reach the merits of the appeal, *see* Tex. R. App. P. 38.9, we understand Wang to argue that the trial court erred by granting the motion because (1) he established a prima facie case of defamation and defamation per se, and (2) Guo failed to conclusively rebut Wang's prima facie case.

**I.    Standard of Review**

We review de novo a trial court's ruling on a TCPA motion to dismiss, including whether each party has carried its respective burden under the TCPA. *See Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 45-46 (Tex. 2021); *see also* Tex. Civ. Prac. & Rem. Code § 27.005; *Serafine v. Blunt*, 466 S.W.3d 352, 357 (Tex. App.—Austin 2015, no pet.) (specifying that courts review de novo "whether a nonmovant has presented clear and specific evidence

establishing a prima facie case for each essential element of the challenged claims"). When determining whether a legal action should be dismissed under the TCPA, courts must consider "the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a). We review the pleadings and evidence in the light most favorable to the nonmovant. *Warner Bros. Ent., Inc. v. Jones*, 538 S.W.3d 781, 801 (Tex. App.—Austin 2017), *aff'd*, 611 S.W.3d 1 (Tex. 2020).

## II.    TCPA Framework and Purpose

"With the advent of the Internet, defamation cases more and more frequently concern the balance between protecting individuals' free speech and the rights of those who may be harmed by that speech." *Thibodeaux v. Starx Inv. Holdings, Inc.*, No. 03-20-00613-CV, 2021 WL 4927417, at *4 (Tex. App.—Austin Oct. 22, 2021, pet. dism'd) (mem. op.). The Texas Legislature designed the TCPA in part to balance the competing interests between "the freedom to comment on matters of public concern" and "the rights of individuals harmed by false or misleading reporting." *D Mag. Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 433 (Tex. 2017). The TCPA's purpose "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code § 27.002; *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017). The Texas Legislature has mandated that the TCPA "shall be construed liberally to effectuate its purpose and intent fully." Tex. Civ. Prac. & Rem. Code § 27.011(b). To accomplish the statute's purpose, the Legislature established "a motion-to-

6

dismiss procedure that allows defendants who claim that a plaintiff has filed a meritless suit in response to the defendant's proper exercise of a constitutionally protected right to seek dismissal of the underlying action, attorneys' fees, and sanctions at an early stage in the litigation." *Dolcefino v. Cypress Creek EMS*, 540 S.W.3d 194, 198 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing Tex. Civ. Prac. & Rem. Code § 27.003(a)).

Our review of a trial court's ruling on a TCPA motion to dismiss requires a three-step analysis. *See McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 914 (Tex. 2023). As a threshold matter, the movant must demonstrate that the TCPA properly applies to the legal action against it. Tex. Civ. Prac. & Rem. Code § 27.005(b) (requiring movant to demonstrate that legal action "is based on or is in response to" movant's exercise of protected rights); *see also Lilith Fund for Reprod. Equity v. Dickson*, 662 S.W.3d 355, 363 (Tex. 2023). If the movant meets that burden, the nonmovant must establish by clear-and-specific evidence a prima facie case for each essential element of its claim. Tex. Civ. Prac. & Rem. Code § 27.005(c). If the nonmovant satisfies that requirement, the burden shifts back to the movant to establish "an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.* § 27.005(d).

### III. Prima Facie Case

In his TCPA response in the trial court, Wang acknowledged that his claims are subject to the TCPA.[5] He focused on establishing a prima facie case only for his defamation per se

---

[5] Wang was represented by counsel in the trial court, but he is acting pro se on appeal. On appeal, in one of his issues presented, he contends that the TCPA does not apply to his defamation suit, but he has not preserved error on this issue because in the trial court he conceded that the TCPA applies. *See* Tex. R. App. P. 33.1(a). In his TCPA response, he stated "[Guo] is correct that the TCPA protects a consumer's ability to exercise his free speech rights and comment on a

claim.[6] Accordingly, the issues before us are whether Wang has established by clear-and-specific evidence a prima facie case on each element of his claim for defamation per se, and, if so, whether Guo has conclusively rebutted that prima facie case. *See id.* § 27.005(d) (establishing that court "shall dismiss a legal action against the moving party if the moving party establishes an affirmative defense *or other grounds on which the moving party is entitled to judgment as a matter of law*" (emphasis added)).

A "prima facie case" "refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding) (citing *Simonds v. Stanolind Oil & Gas Co.*, 136 S.W.2d 207, 209 (Tex. [Comm'n Op.] 1940)). "It is the 'minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'" *Id.* (quoting *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding) (per curiam)). In addition, the TCPA limits the type of evidence from which a prima facie case may be made to evidence that is "clear-and-specific"—"clear" meaning "free from doubt," "sure," or "unambiguous," and "specific" meaning "relating to a particular named thing" or "explicit." *Id.* Thus, the term "'clear and specific evidence' refers to the quality of evidence required to establish a prima facie case, while the term 'prima facie case' refers to the amount of evidence required to satisfy the nonmovant's minimal factual burden." *Serafine*, 466 S.W.3d at 358.

---

business's goods or services. Such matters are absolutely matters of public concern, and [Wang] does not seek to restrict said rights in any form or fashion."

[6] In his response, Wang noted he was not required to establish a prima facie case on the element of damages for his defamation per se claim. He did not attempt to establish the element of damages for his defamation per quod claim. Accordingly, he did not preserve error on the trial court's dismissal of the defamation per quod claim. *See* Tex. R. App. P. 33.1(a).

The "clear and specific" evidentiary standard does not exclude circumstantial evidence from consideration. *In re Lipsky*, 460 S.W.3d at 589. Circumstantial evidence is "indirect evidence that creates an inference to establish a central fact." *Id.* "It is admissible unless the connection between the fact and the inference is too weak to be of help in deciding the case." *Id.* In some cases, the determination of certain facts "may exclusively depend on such evidence." *Id.*; *see, e.g.*, *Bentley v. Bunton*, 94 S.W.3d 561, 596 (Tex. 2002) (noting that defendant's state of mind in defamation case "must usually [ ] be proved by circumstantial evidence"). Conclusory statements and bare, baseless opinions are not probative and accordingly do not establish a prima facie case. *Long Canyon Phase II & III Homeowners Ass'n, Inc. v. Cashion*, 517 S.W.3d 212, 222 (Tex. App.—Austin 2017, no pet.) (citing *e.g.*, *In re Lipsky*, 460 S.W.3d at 592-93). "Collectively, these elements require that a party 'provide enough detail to show the factual basis for its claim,' and thus effectively abrogate the utility of mere notice pleading as 'evidence' to that end." *Cavin v. Abbott*, 545 S.W.3d 47, 72 (Tex. App.—Austin 2017, no pet.) (quoting *In re Lipsky*, 460 S.W.3d at 590-91). If the nonmovant provides evidence that establishes a prima facie case if left uncontradicted and unexplained, the prima facie case is rebutted only "when the true facts are conclusively shown by other evidence." *Warner Bros. Ent., Inc.*, 538 S.W.3d at 801 (quoting *Simonds*, 136 S.W.2d at 209). With this framework in mind, we turn to the analysis of whether the parties have carried their respective TCPA burdens.

## A.    Defamation elements

Wang asserts that he established a prima facie case for the essential elements of his defamation claim for libel per se.  To establish the elements of his defamation claim, Wang must show that Guo (1) published a false statement of fact to a third party; (2) that defamed Wang; (3) while acting with negligence (because Wang is a private person, not a public figure) regarding the truth of the statement; and (4) the statement caused damages, unless the statement constitutes defamation per se.  *See Innovative Block of S. Tex., Ltd. v. Valley Builders Supply, Inc.*, 603 S.W.3d 409, 417 (Tex. 2020); *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 146 n.7 (Tex. 2014) ("Defamation per se (on its face) requires no proof of actual monetary damages, while defamation per quod (dependent on context and interpretation) does require such proof.").  Wang contends that he established a prima facie case for each of these elements.

"In a defamation case that implicates the TCPA, pleadings and evidence that establishes the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient to resist a TCPA motion to dismiss." *In re Lipsky*, 460 S.W.3d at 591.  "Defamation is generally defined as the invasion of a person's interest in her reputation and good name." *Hancock v. Variyam*, 400 S.W.3d 59, 63 (Tex. 2013); *see also* Tex. Civ. Prac. & Rem. Code § 73.001 (defining "libel" as defamation in written or graphic form "that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation . . . and thereby expose the person to public hatred, ridicule, or financial injury").  Defamation per se involves "[a] statement that injures a person in her office, profession, or occupation," while "[d]efamation *per quod* is defamation that is not actionable *per se*." *Hancock*, 400 S.W.3d at 64.  Whether a statement is reasonably capable of a defamatory meaning from the

10

perspective of an ordinary reader in light of the surrounding circumstances is a question of law, as is the determination of whether a statement is defamatory per se. *See id.* at 66.

### B. Wang's defamation per se claim

We now turn to the question of whether Wang established a prima facie case of defamation per se, and if so, whether Guo conclusively rebutted it. In his response to Guo's TCPA motion, Wang contends that Guo's statement in the Yelp review that Wang "had put an 'old' (i.e., used) motor on [Guo's] A/C" is an actionable false statement that constitutes defamation per se. Wang argues that he established a prima facie case for each of the four elements of the claim. First, he asserts that he demonstrated the falsity of the statement Guo published on Yelp by producing the invoice for the new motor that he ordered after Guo asked him to make the repair. Second, he asserts that the statement defamed him by injuring his reputation in his profession by accusing him of fraudulently installing a used motor and charging Guo for a new one, which is defamation per se. Third, he argues that Guo acted with negligence, at a minimum, because he did not exercise ordinary care in ensuring the statement was true before posting it in a public forum, which was harmful to Wang. Fourth, Wang asserts that because the statement constitutes defamation per se, he is not required to establish a prima facie case of damages to survive a TCPA motion to dismiss.

#### 1. Elements of false statement of fact and negligence

In Guo's TCPA motion and his appellee's brief, he contends with regard to the first and third elements that he "has established his reasons for believing that the motor was old or used." Those reasons "include the motor breaking after just eleven months, rust on the motor, and the expert opinion of the technician who replaced the motor. Good faith difference of opinion is not defamatory and [Wang] has provided no evidence that the motor he installed for [Guo] was

11

new." However, Guo cites no legal authority in support of this argument, and it is not an accurate statement of the law on the element of a false statement of fact. In *In re Lipsky*, the Texas Supreme Court concluded that statements that "were not presented as opinion but were 'sufficiently factual to be susceptible of being proved true or false'" constituted clear-and-specific evidence of an actionable false statement sufficient to survive a TCPA motion to dismiss. 460 S.W.3d at 595 (quoting *Milkovich v. Lorain J. Co.,* 497 U.S. 1, 21 (1990)). Here, Guo's statements that Wang put an old motor in his air-conditioning unit and charged him for a new motor are actionable statements of fact, not opinion—they are susceptible of being proved true or false.

With regard to falsity of the statements, Wang submitted the November 9, 2021 order invoice for the motor to demonstrate that he had ordered a new motor to install in Guo's air-conditioning unit. While it does not conclusively establish that Wang installed the new motor in Guo's unit (although the serial number on the invoice appears to be the same number as the number on the motor in the photograph Guo posted), it is circumstantial evidence from which we can infer that Wang in fact installed the new unit that he ordered, *see id.* at 589, and it is sufficient to establish a prima facie case if left uncontradicted and unexplained.

Guo offers no evidence to rebut Wang's invoice; instead, he only offers his theory that because the motor broke after eleven months (while under warranty) and had rust on it, it must have been old or used. He also relies on the purported "expert opinion of the technician who replaced the motor," but as Wang points out, Guo "produces no evidence of the alleged 'expert opinion' on which he is relying for his 'belief' and his motion to dismiss this case." Guo has failed to rebut the prima facie case that Wang established on the element of publication of a false statement of fact.

12

Wang alleges in his petition that Guo made the statements negligently, i.e., that he knew or should have known they were false when made. In his TCPA response, he contends that Guo did not exercise ordinary care in ensuring the statements were true before posting them in a public forum and that even if the initial posting of the statement was a good-faith mistake, that amounts to negligence. In both his petition and TCPA response, Wang also alleges actual malice, asserting that Guo's demands for money to take down the false statements are circumstantial evidence that he knew of their falsity. Furthermore, he alleges that Guo's refusal to take the statements down after Wang sent him the pre-suit request for retraction and the invoice for the motor also establishes a level of intent that rises to malice. We hold that this circumstantial evidence establishes a prima facie case that Guo at least negligently made the challenged defamatory statements. *See id.* (noting that "the determination of certain facts in particular cases may exclusively depend on such [circumstantial] evidence"); *see also, e.g.*, *Bentley*, 94 S.W.3d at 596 (noting that claims involving element of defendant's state of mind "must usually . . . be proved by circumstantial evidence"). We further hold that Guo has failed to present conclusive evidence that rebuts Wang's circumstantial evidence that he acted at least negligently in making the challenged statements.

### 2. Elements of defamation per se and damages

We next consider the second element of defamation—in this case, whether Wang established a prima facie case that the challenged statements constitute defamation per se. *See Hancock*, 400 S.W.3d at 66 (stating that determination of whether statement is defamatory per se is question of law). Wang alleges in his petition that the challenged statements "were of the type that tend to injure a person's reputation, cause financial injury, and/or impeach a person's honesty

13

and integrity." He further asserted in his TCPA response that Guo's statements "claiming that [Wang] installed a 'used/old' motor in his A/C" were "directly injurious to [Wang's] profession or occupation and an attack on his character as an HVAC technician."

Guo's statements are defamatory per se—the statements accuse Wang of fraudulently installing a used motor in Guo's air-conditioning unit and charging him for a new motor. These are statements accusing Wang of fraud, *see In re Lipsky*, 460 S.W.3d at 596 (statements "accusing someone of a crime" are defamation per se), as well as statements "that injure a person in his office, profession, or occupation," *see Hancock*, 400 S.W.3d at 64, 66, i.e., the types of statements that are typically classified as defamatory per se. These accusations directly impugn Wang's fitness and abilities as an HVAC technician. *See In re Lipsky*, 460 S.W.3d at 596. The challenged statements are "[r]emarks that adversely reflect on a person's fitness to conduct his or her business or trade" and thus are defamatory per se. *See id.*

When statements are defamatory per se, they are so obviously harmful that general damages may be presumed. *Id.* at 593 (citing *Hancock*, 400 S.W.3d at 63-64). Accordingly, "[p]leading and proof of particular damage is not required to prevail on a claim of defamation per se, and thus actual damage is not an essential element of the claim to which the TCPA's burden of clear and specific evidence might apply." *Id.* at 596 (holding that while plaintiff's affidavit on damages may have been insufficient to substantiate its claim to special damages, it was not needed to defeat defendant's dismissal motion because plaintiff's defamation claim was actionable per se); *see also D Mag. Partners*, 529 S.W.3d at 434, 439 (holding that plaintiff need not show actual damages to survive TCPA motion to dismiss because article's gist could be construed as accusing her of committing crime, which is defamatory per se); *see also Brady v. Klentzman*, 515 S.W.3d 878, 886 n.3 (Tex. 2017) (noting that nominal damages may be presumed without evidence of

14

actual injury). Guo did not conclusively establish that his statements were not defamatory per se. *See* Tex. Civ. Prac. & Rem. Code § 27.005(d); *Warner Bros. Ent., Inc.*, 538 S.W.3d at 801. We conclude that Wang submitted clear-and-specific evidence that established a prima facie case that the statements are defamatory per se, and thus, he was not required to establish a prima facie case on the element of damages. *In re Lipsky*, 460 S.W.3d at 596.

Because we conclude that Wang established a prima facie case of the essential elements of defamation per se and that Guo failed to conclusively rebut it, we hold that the trial court erred by granting Guo's TCPA motion to dismiss Wang's defamation per se claim.[7] Because we reverse the dismissal of that claim, we also reverse the trial court's award to Guo of $5,000 in attorneys' fees and costs and of $5,000 in sanctions. *See Borgelt v. Austin Firefighters Ass'n, IAFF Loc. 975*, 692 S.W.3d 288, 312 (Tex. 2024) (reversing trial court's order granting attorneys' fees and sanctions after concluding trial court erred in granting TCPA motion to dismiss).

## CONCLUSION

Having held that the trial court erred by granting Guo's TCPA motion to dismiss on Wang's defamation per se claim, we reverse the trial court's judgment in part, and we remand the case to the trial court for further proceedings consistent with this opinion.

_____

Gisela D. Triana, Justice

---

[7] As noted above, Wang did not preserve error on the dismissal of the defamation per quod claim. Therefore, we do not address the dismissal of that claim.

15

Before Justices Triana, Crump and Ellis

Reversed in Part and Remanded

Filed:   March 28, 2025